## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DORIAN V. NEAL,

          **Petitioner,**

        **v.**                               **Case No. 05-C-443**

WARDEN PHIL KINGSTON,

          **Respondent.**

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

On April 18, 2005, Dorian V. Neal ("Neal"), a person incarcerated pursuant to a state court judgment, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. On December 26, 2006, this court screened Neal's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. On January 11, 2007, the respondent filed a motion to dismiss Neal's petition as untimely and requested that the deadline for answering the petition be stayed pending the resolution of the motion to dismiss. The court granted the petitioner's motion to stay the time for filing an answer. Neal has responded to the respondent's motion to dismiss and the respondent has replied. The pleadings on the respondent's motion to dismiss are closed and the matter is ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge.

Following a jury trial, Neal was convicted in Racine County Circuit Court on April 18, 1996 of one count of first degree intentional homicide and two counts of first degree recklessly endangering safety. (Docket No. 1 ¶¶2, 4, 6.) Neal's conviction was affirmed by the Court of

Appeals on June 10, 1998, (Docket No. 1 ¶9c.), and the Wisconsin Supreme Court denied review on December 8, 1998, (Docket No. 1 ¶11c.).

Neal subsequently filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06, which the circuit court denied on August 2, 1999. (Docket No. 1 ¶¶15-16.) The court of appeals affirmed on August 23, 2000. (Docket No. 1 at 18.) The Wisconsin Supreme Court denied review on January 16, 2001. (Docket No. 1 at 28.)

On June 21, 2004, Neal then filed a petition for a writ of habeas corpus with the Wisconsin Court of Appeals, (Docket No. 11-2), which the court denied on September 10, 2004, (Docket No. 1 ¶¶17-18). On November 17, 2004, the Wisconsin Supreme Court denied review. (Docket No. 1 at 32.)

The respondent argues that Neal's conviction became final on March 8, 1999 when the ninety-day time limit for filing a petition for certiorari with the United States Supreme Court passed, and thus the one-year clock would have begun to run on this date. See 28 U.S.C. § 2244(d)(1)(A). However, prior to this date, Neal filed a motion pursuant to Wis. Stat. § 974.06 on January 25, 1999 and thus the one-year time limit in which the petitioner was required to file his petition never began to run. See 28 U.S.C. § 2244(d)(2). The proceedings on this motion concluded on January 16, 2001 when the Wisconsin Supreme Court denied review. Therefore, Neal had until January 16, 2002 to file his present petition. Having not filed his present petition until April 18, 2005, Neal is more than three years too late and thus, the respondent argues, the petition must be dismissed.

Neal argues that the one-year clock did not begin to run until November 18, 2004, the date following the Wisconsin Supreme Court denying his most recent petition for review. (Docket No. 15 at 12.) He argues that the Wisconsin Supreme Court's decision in State v. Evans, 2004 WI 84, 273 Wis. 2d 192, 682 N.W.2d 784, acted to remove an obstacle to his filing this present action.

2

Therefore, Neal argues, pursuant to 28 U.S.C. § 2244(d)(1)(B), the petition is timely. Alternatively, Neal argues that his petition is timely because the circuit court lacked subject matter jurisdiction to enter the judgment of conviction. Finally, Neal argues that he is actually innocent and that denying his petition as untimely would result in a miscarriage of justice.

According to the court of appeals' decision dated August 23, 2000, Neal alleged that his appellate counsel was ineffective for having failed to raise a claim that the trial court improperly refused to remove a juror. The court of appeals noted that Neal had employed the wrong procedure in raising his claim; specifically, Neal should have brought a petition for a writ of habeas corpus directly in the court of appeals rather than initiating a § 974.06 motion in the trial court and appealing the trial court's order. (Docket No. 1 at 19 n.2 (citing State v. Knight, 168 Wis. 2d 509, 522, 484 N.W. 540 (1992).) Rather than rejecting Neal's appeal based upon this procedural error, the court proceeded to address Neal's claim upon its merits and held that appellate counsel was not ineffective for failing to pursue the argument that a particular juror should have been removed from the jury panel.

On June 29, 2004, the Wisconsin Supreme Court held in Evans that the court of appeals erred when it granted a motion for an extension of time to file a post-conviction motion or notice of appeal on the basis that the defendant was denied the effective assistance of post-conviction counsel. The court held that the defendant's claims that he was denied the effective assistance of appellate counsel must be raised in a Knight petition. Therefore, the defendant was precluded from pursuing a direct appeal but nonetheless was permitted to pursue a writ of habeas corpus pursuant to Knight from the court of appeals.

On September 10, 2004, the court of appeals denied Neal's petition for a writ of habeas corpus on the basis that Neal's claim was procedurally barred. In this petition, Neal sought to argue that his post-conviction counsel was ineffective for failing to argue that the evidence was

insufficient to support his conviction. (Docket No. 5, Ex. 4 at 2.) The court held that Neal was limited to a single petition under State v. Knight unless he could adequately explain why the issues raised in the second petition were not raised in the first. Although Neal attempted to argue that his prior § 974.06 motion should not be construed as a Knight petition because he was not previously informed of the consequences of such a characterization, (Docket No. 5, Ex. 5 at 2), the court of appeals rejected this argument and held that Neal's prior Knight petition barred this subsequent petition.

In no way did the Wisconsin Supreme Court's decision in Evans act to remove an obstacle to Neal filing his present petition. Notably, Neal's second Knight petition was filed prior to the Wisconsin Supreme Court's decision in Evans. The decision in Evans is a narrow one wherein the court rejected the option that courts should extend the time for filing appeals based upon the conclusion that appellate counsel was ineffective; claims that appellate counsel was ineffective must be raised in a Knight petition. Evans does not call into question the court of appeals' decision to interpret Neal's prior § 974.06 motion as a Knight petition. However, even if Evans presented doubt as to the propriety of the court of appeals' decision, Neal has failed to demonstrate how this acted as an impediment to his filing the present petition, and thus 28 U.S.C. § 2244(d)(1)(B) is inapplicable.

As for Neal's claim that the circuit court was without jurisdiction, the court need not analyze the merits of this claim because even if the court were to accept Neal's jurisdictional argument as true, it would not entitle Neal to relief from the one-year time limit set forth in 28 U.S.C. § 2244(d)(1). This jurisdictional claim, like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in state court and then presented to this court within the time limit set forth in § 2244(d)(1).

4

Finally, the court shall turn to Neal's assertion that he is actually innocent and thus applying the one-year time limit would result in a fundamental miscarriage of justice. (Docket No. 15 at 4.) In Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004), the Seventh Circuit adopted the analysis of the Eighth Circuit in Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002), and held that a claim of actual innocence will permit a petitioner to avoid the time limits set forth in 28 U.S.C. § 2244 only if the petitioner was diligent in pursuing his petition and he could not have discovered the facts necessary to support his petition within the period of limitations. Neal does not allege that his claim of actual innocence is based upon newly discovered evidence; rather, he alleges that the evidence presented at his trial was insufficient to support his conviction. Thus, it is clear that any alleged defect was known to Neal within the time for filing a petition. Second, Neal has failed to demonstrate that he was diligent in his pursuit of his claims. Therefore, Neal has failed to demonstrate that he is entitled to relief from the one-year time limit based upon a claim of actual innocence.

Thus, having concluded that no impediment existed that prevented Neal from filing this present petition within one-year of the Wisconsin Supreme Court's denying Neal's petition for review on January 16, 2001, Neal's petition is untimely and must be denied as such under 28 U.S.C. § 2244(d)(1)(A).

**IT IS THEREFORE ORDERED** that the Neal's petition for a writ of habeas corpus is **denied** as untimely under 28 U.S.C. § 2244(d)(1)(A). The clerk shall enter judgment dismissing Neal's petition and this case with prejudice.

Dated at Milwaukee, Wisconsin this 5th day of June, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge